FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

2012 SEP 18 PM 1:43

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Cause No. 2:12 CR 131 |
| | ) | |
| JACK ALLAN SCHAAP | ) | |

PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by Assistant United States Attorneys Jill Koster and Sue Collins, the defendant, Jack Allan Schaap, and Paul Stracci and Alison Benjamin as attorneys for the defendant, and show the Court they have entered into a plea agreement as follows:

1.  I, Jack Alan Schaap, have the ability to read, write and speak the English language.

2.  I have received a copy of the Information charging me with transporting a minor with intent to engage in criminal sexual activity filed simultaneously herewith and I have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in these matters. I have agreed, as set forth in a separate filing with the Court, to waive my right to Indictment by a federal Grand Jury with respect to the charge of transporting a minor with intent to engage in criminal sexual activity and to plead guilty to that charge as set forth in the Information filed simultaneaously herewith.

3.  I have told my lawyers the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information filed herewith and believe and feel that my lawyers are fully informed as to all such matters. My lawyers have counseled and advised with

me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

   a. If I persisted in a plea of not guilty to one or more of the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

   b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Myself and my attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

   d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

   e. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to

    testify. If I desired to do so, I could testify in my own behalf.

  f.  At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

  g.  In the event that I should be found guilty of one or more of the charges against me, I would have the right to appeal my conviction on such charge to a higher court.

  6.  I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

  7.  Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

  a.  I will plead guilty to Count 1 of the Information filed simultaneously herewith charging me with transportation with intent to engage in criminal sexual activity in violation of Title 18, United States Code, Section 2423(a) because I am, in fact, guilty of that offense. I also agree to forfeit my interest in the computer and computer-related equipment seized by the United States of America in this cause and to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with its seizure or forfeiture.

  b.  I understand that the statutory mandatory minimum term of incarceration for my conviction of the offense charged in Count 1 of the Indictment is ten (10) years imprisonment and the maximum possible term of imprisonment I face is a lifetime term, followed by a minimum of five (5) years of supervised release and a maximum term of up to lifetime supervised release following my incarceration. I further understand that for my conviction of the offense charged in Count 1, I will

      face a fine of up to $250,000 and a special assessment of $100 which will be due and payable at the time of my sentencing hearing.

   c. In exchange for my guilty plea to the charge of transportation with intent to engage in criminal sexual activity in Count 1 of the Information filed herewith, the United States of America agrees not to file any additional charges against me which could be brought based upon my conduct in the Northern District of Indiana and elsewhere which is related to this criminal investigation and is currently known to the government. In addition, I have been informed by the U.S. Attorney's Offices in the Northern District of Illinois and the Western District of Michigan that if this plea agreement is accepted by the Court and I am judged guilty of the offense in Count 1 of the Information filed herewith, I will not be charged by the United States of America based upon my conduct in those federal judicial districts which is currently known to the government. I have also been informed by the Indiana Lake County Prosecutor's Office that if this plea agreement is accepted by the Court and I am judged guilty of the offense in Count 1 of the Information filed herewith, I will not be charged by the State of Indiana based upon my conduct therein which violated Indiana Code § 35-42-4-7 and is currently known to the government. And finally, I have also been informed by the Illinois Will County Prosecutor's Office and the Michigan Wexford County Prosecutor's Office that if this plea agreement is accepted by the Court and I am judged guilty of the offense in Count 1 of the Information herewith, I will not face criminal charges in those jurisdictions.

   d. The United States of America and I have also entered into the following agreements which are **not** binding upon the Court, and I understand that if the Court does not follow these agreements I will not be allowed to withdraw my guilty plea:

      i. In recognition of my acceptance of responsibility for my offense conduct, in any U.S. Sentencing Guideline calculation, I am entitled to a two point, and if eligible, an additional one point reduction in offense level for acceptance of responsibility; however, the United States of America is not obligated to recommend I receive the acceptance of responsibility adjustment if I deny my involvement in the offense or relevant conduct, give conflicting statements of my involvement or relevant conduct, or engage in additional criminal conduct.

      ii. The United States of America and I also agree to recommend that the Court include, in an offense level calculation under U.S. Sentencing Guideline § 2G1.3, the following specific offense characteristics:

         A. The two (2) level enhancement under§ 2G1.3(b)(1)(B) because the

-4-

        minor was in my custody, care, or supervisory control;

    B.    The two (2) level enhancement under § 2G1.3(b)(3) because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce or facilitate the travel of, the minor to engage in prohibited sexual conduct;

    C.    The two (2) level enhancement under § 2G1.3(b)(4) because the offense involved the commission of a sex act or sexual contact;

iii.    The United States of America and I agree that, based upon the facts of this case, and with full consideration of any factors to be considered under 18 U.S.C. § 3553(a), a sentence of 120 months incarceration is a fair and reasonable sentence in this case and no grounds exist for an upward or downward departure or variance from that sentence of incarceration.

iv.    The United States of America and I further agree to recommend that the Court order, as a mandatory condition of my supervised release, that I register as a sex offender and comply with state sex offender registration requirements pursuant to 18 U.S.C. § 3583(d) and 42 U.S.C. §16913. I have also been advised and understand that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: the location of my residence; the location of my employment; and, if I am a student, the location of my school. I understand that such registration will require that I provide information that includes my name, residence address, and the names and addresses of any places at which I will be an employee or student. I also understand that I must update my registration not later than three business days after any change of name, residence, employment, or student status. I understand that failure to comply with these obligations may subject me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment. I further agree that as long as I remain on supervised release, I will provide written documentation, as often as requested by my assigned United States Probation officer, that my sex offender registration remains in good standing.

e.    I understand that the law gives a convicted person the right to appeal the conviction and sentence (including any restitution) imposed; I also understand that no one can predict the precise sentence that will be imposed and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement; with this understanding and in consideration of the Government's entry into this plea agreement, I expressly

waive my right to appeal or to contest my conviction or the sentence imposed, including the manner in which my conviction or sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

f.  I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974;

g.  I acknowledge that pursuant to Title 18, United States Code, Section 2259(a), the Court is required to order restitution for the full amount of any victims' compensable losses in this case, as defined in subsection (b)(3) and (c) of that Section and as may be proved by the United States or stipulated to by the parties. My attorney will have an opportunity to challenge the amount of the claimed compensable losses of any victim and also to argue whether the full amount thereof should be paid by me. I acknowledge, however, that the Court may not decline to award restitution because of my economic circumstances or the fact that any victim has, or is entitled to, receive compensation for injuries from the proceeds of insurance or any other source. Once the Court determines the amount of the compensable losses owed by me to any victim(s) in this case, I agree to the entry of a Restitution Order pursuant to Title 18, United States Code, Section 2259, requiring me to pay that amount.

h.  I agree, with respect to the computer and computer-related equipment which I have agreed to forfeit, to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. I also agree to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. I agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any ground, including that the forfeiture constitutes an excessive fine or punishment. I agree to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. I acknowledge that all property covered by this agreement is subject to forfeiture as property which facilitated and was involved in the illegal conduct giving rise to

      the forfeiture under 18 U.S.C. § 2253.

    i.    I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (1) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of all the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (2) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

8.    I am prepared to state to the Court the facts in this matter that cause me to believe that I am guilty of the charge of transportation with intent to engage in criminal sexual activity alleged in the Information filed simultaneously herewith.

9.    I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

10.    I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

/ / /

/ / /

/ / /

11. I understand and acknowledge that this plea agreement, once filed with the Court, is a public document which is available for public viewing.

/s/ Jack Allan Schaap
Jack Allan Schaap
Defendant


/s/ Paul Stracci
Paul Stracci
Attorney for Defendant


/s/ Alison Benjamin
Alison Benjamin
Attorney for Defendant


APPROVED:

    DAVID CAPP,
    United States Attorney


By:   /s/ Jill Koster
      Jill Koster
      Assistant U. S. Attorney


By:   /s/ Susan Collins
      Susan Collins
      Assistant U. S. Attorney