**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | CAUSE NO.: | 2:12-CR-131 |
| | ) | | |
| | ) | Hearing of: | 09/19/2012 |
| | ) | | |
| vs. | ) | CHARGE: | Transportation Of Minor With Intent To Engage In Criminal Sexual Activity |
| | ) | | 18 U.S.C. §§ 2, 2423(a) |
| JACK ALLAN SCHAAP, | ) | | |
| Defendant. | ) | | |

**ORDER OF DETENTION**

After conducting a Detention Hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

**Part I—Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed  - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.
☐ an offense for which the maximum sentence is death or life imprisonment.
☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.[1]
☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:
any felony that is not a crime of violence but involves:
☐ a minor victim
☐ the possession or use of a firearm or destructive device or any other dangerous weapon
☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

    ☐ for which a maximum prison term of ten years or more is prescribed in:

        ☐ The Controlled Substances Act (21 U.S.C §801 et. seq.);or
        ☐ The Controlled Substances Import And Export Act (21 U.S.C. §951 et. seq.); or
        ☐ The Maritime Drug Law Enforcement Act (46 U.S.C. App. §1901 et. seq.); or

    ☐ an offense involving a minor victim under 18 U.S.C. §1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425; or

    ☐ under 18 U.S.C. § 924(c), §956(a), or 18 U.S.C. §2332b

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

■ (1) There is a serious risk that the defendant will not appear.

■ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II— Statement of the Reasons for Detention**

☐ I find that the testimony and information submitted at the Detention Hearing establishes by a preponderance of the evidence that there is a serious risk that the defendant will not appear at a future court hearing in this case, and there is no condition, or combination of conditions, that can be imposed to assure his or her court appearance in this case in the future,  because:

    (1) Of the nature and circumstances of the offense(s) charged;
    (2) The weight of the evidence against the defendant;

☐ I find that the testimony and information submitted at the Detention Hearing establishes by clear and convincing evidence that to release the defendant on pre-trial release will endanger the safety of another person, or the safety of the community in general, and there is no condition, or combination of conditions, that can be imposed to assure the safety of the other person or the safety of the community in general, because:

    (1) Of the nature and circumstances of the offense(s) charged;
    (2) The weight of the evidence against the defendant;

■ At the Detention Hearing the defendant stipulated to the serious risk that he or she would not appear for further court hearings in this case and to the serious risk of danger to the safety of

another person or to the community in general if he or she would be released.

☐ There is reserved for the defendant the right to later petition the Court, through his or her attorney, to belatedly contest the detention issue.

The reasons for these findings include the contents of the Pre-Trial Services Report in this case.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.

Entered this 19th day of September, 2012.

/s / Paul R. Cherry
PAUL R. CHERRY
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

AO Form 472 (Rev. 09/08) (PRC Modified 02/12)