IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | Civil No. |
| Respondent-Plaintiff, | * | Orig. Crim. No. 2:12-cr-00131-RL-PRC-1 |
| v. | * | |
| JACK ALLEN SCHAAP, | * | |
| Petitioner-Defendant. | * | |

**MOTION TO VACATE, CORRECT, OR SET ASIDE
THE PETITIONER'S SENTENCE PURSUANT TO 28 U.S.C. §2255**

COMES NOW, the Petitioner herein, JACK SCHAAP, by and through the undersigned counsel, and moves this Honorable Court to vacate the sentence heretofore imposed, based upon the denial of the Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.  Specifically, defense counsel provided a false promise as to sentence length should the Petitioner plead guilty, thereby inducing an invalid guilty plea.  Further, defense counsel provided ineffective assistance during sentencing proceedings, in that counsel failed to put forth mitigating factors in support of an argument based upon the recent decisions issued in Graham v. Florida, 130 S. Ct. 2011, 176 L. Ed. 2d 825(2010) and Miller v. Alabama, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), despite the fact that the Petitioner was less culpable than a similarly situated adult offender based upon mitigating factors.  Counsel also failed to object to the district court's mis-understanding as to its ability to issue a sentence below the Guideline range.  In support hereof, the Petitioner states the following:

1

1.  A criminal information was filed against the Petitioner in the Northern District of Indiana on September 18, 2012. The Petitioner was charged with transportation of a minor with the intent to engage in criminal sexual activity in violation of 18 U.S.C. §§2 and 2423(a) (Count One). The Petitioner waived the indictment requirement.

    The events giving rise to this case occurred in 2012. During that time, the Petitioner was the Pastor of the Hammond Baptist Church. It was alleged that the Petitioner had an inappropriate relationship with an underage parishioner identified as "Jane Doe."[1] On June 1, 2012 and July 30, 2012, the Petitioner arranged Doe to be transported to Illinois, where the two engaged in sexual activity. The Petitioner also arranged for Doe to be transported to Michigan, where the two engaged in sexual activity. The Petitioner also arranged for Doe to be transported back to Indiana, where the two engaged in sexual activity.

    The relationship started when the Petitioner was counseling Doe, who had been expelled from Hammond Baptist School after being caught having sex with a male student.

    Steven Wolf, who served as the Petitioner's assistant, uncovered photographs of the Petitioner and Doe on the Petitioner's IPhone, including a picture of the two kissing. Wolf was subsequently fired by the Petitioner. Wolf proceeded to synch his IPhone with the Petitioner's, and found additional pictures of Doe, including one of her topless lying on top of the Petitioner, one of the Petitioner touching Doe's bare breast while kissing her breast, and one of the pair kissing. Wolf also discovered numerous text messages

---

[1] Jane Doe turned seventeen years of age on June 27, 2012.

between the Petitioner and Doe. Wolf also found texts from the Petitioner instructing his scheduling secretary, Jean McCollam, to transport Doe to Illinois and Michigan. The Petitioner eventually downloaded an application designed to delete photographs. Police uncovered a number of text messages, handwritten notes, and telephone messages involving the events at issue.

Jane Doe confirmed the version of events as put forth above. Doe stated that the first sexual contact between herself and the Petitioner occurred in Illinois on June 20, 2012.

2.  On the same day that the information was returned, the Petitioner entered into a written plea agreement. In exchange for the guilty plea, various state and federal prosecutors agreed not to press further charges against the Petitioner for the events at issue. The plea called for the Petitioner to receive a three-level reduction to his offense level pursuant to U.S.S.G. §3E1.1 for acceptance of responsibility. The plea stated that a two-level enhancement to the offense level was applicable under U.S.S.G. §2G1.3(b)(1)(B) because the minor at issue was in the Petitioner care. A two-level enhancement to the offense level was to apply pursuant to U.S.S.G. §2G1.3(b)93) as the offense involved the use of a computer or similar device. A two-level increase to the offense level was to apply pursuant to U.S.S.G.§2G1.3(b)(4) because the offense involved the commission of a sexual act or sexual contact. The parties agreed that a sentence of 120 months would be reasonable, with no grounds existing for wither an upward or a downward departure or variance. The Petitioner waived his right to appeal and collateral challenge his conviction and sentence on any ground, aside from a claim that ineffective assistance of counsel

related to appellate waiver.

Defense counsel informed the Petitioner that, if he entered a guilty plea, his sentence would be 120 months maximum, but was more likely to be between three and four years, and perhaps as low as eighteen months incarceration. (Exhibit A - Schaap Affidavit). Based upon this promise, the Petitioner entered a guilty plea when he otherwise would have proceeded to trial. (Exhibit A).

On September 26, 2012, the Petitioner appeared in the United States District Court for the Northern district of Indiana, Hammond Division to enter his plea before the Honorable Rudy Lozano. Correspondence from the Petitioner's attorney to the prosecutor prior to the Petitioner signing the plea agreement expressed fears that the 120 month sentence recommendation was non-binding.

3. Following the return of the verdict, a pre-sentence investigation report was prepared. A base offense level of 28 was issued pursuant to U.S.S.G. §2G1.3 for violation of 18 U.S.C. §2423(a). A two-level enhancement to the offense level applied under U.S.S.G. §2G1.3(b)(1)(B) because the minor at issue was in the Petitioner's care. A two-level enhancement to the offense level was issued pursuant to U.S.S.G. §2G1.3(b)(2)(B) as the Petitioner unduly influenced a minor to engage in prohibited sexual contact. A two-level enhancement to the offense level was to apply pursuant to U.S.S.G. §2G1.3(b)(3) as the offense involved the use of a computer or similar device. A two-level increase to the offense level was to apply pursuant to U.S.S.G.§2G1.3(b)(4) because the offense involved the commission of a sexual act or sexual contact. Two-level enhancement to the offense level was issued pursuant to U.S.S.G. §3A1.1(b)(1) as the victim was

4

vulnerable. A three-level reduction to the offense level was issued pursuant to U.S.S.G. §3E1.1 for acceptance of responsibility. As such, the total offense level was determined to be 35. The Petitioner was placed in criminal history category I, as he did not have any prior convictions. Based upon an offense level of 35 and a criminal history category I, the Guideline range of incarceration was determined to be between 168 and 210 months.

4. Defense counsel filed a sentencing memorandum. Therein, the Petitioner's positive contributions to the community, his age (55 years old), his lack of criminal history, and his early acceptance of responsibility were noted in support of a request for a sentence of 120 months incarceration. The government also filed a sentencing memorandum wherein a 120 month term of incarceration was requested.

5. On March 20, 2103, the Petitioner appeared for sentencing. The Petitioner was sentenced to 144 months incarceration. No objections were raised to the Guideline calculations. At no point did counsel introduce critical mitigating factors, such as Jane Doe's sexual experience and aggressiveness. In issuing the sentence, the judge noted that he did not want "to set a precedent saying that because you plead pre-indictment that automatically gives you a 25% discount on the Guidelines." Judgment was entered on March 20, 2013.

6. The Petitioner has taken no further legal action in this case.

7. During pre-trial and plea proceedings and at sentencing, the Petitioner was represented by Alison L. Benjamin, Esq., and Paul G. Stracci, Esq., both located at 200 East 90th Drive, Merrillville, Indiana 46410-7089.

8.  The Petitioner submits that his detention is unlawful, and argues that:

    I.  The collateral review waiver included in the plea agreement does not preclude the challenges raised herein.

    II. The Petitioner's right to effective assistance of counsel during plea proceedings as guaranteed by the Sixth Amendment to the United States Constitution was violated when counsel promised a sentence of between 18 and 120 months should the Petitioner plead guilty, thereby causing the Petitioner to enter an invalid guilty plea.

    III. The Petitioner's right to effective assistance of counsel at sentencing as guaranteed by the Sixth Amendment to the United States Constitution was violated when counsel failed to argue that the Petitioner's right to be free from cruel and unusual punishment as protected by the Eighth Amendment to the United States Constitution was violated when he was sentenced as a fully culpable offender, despite the presence of factors reducing the Petitioner's culpability.

    IV. The Petitioner's right to effective assistance of counsel at sentencing as guaranteed by the Sixth Amendment to the United States Constitution was violated when counsel failed to object to the district court's misunderstanding of its ability to vary from the Guidelines.

    V.  The Petitioner is entitled to an evidentiary hearing on these matters.

10. The Petitioner is currently in the custody of the Federal Corrections Institution in Ashland, Kentucky. The Petitioner's inmate registration number is 12409-027.

WHEREFORE, in consideration of the foregoing, the Petitioner respectfully prays that this Court issue an Order vacating the sentence imposed in this case based upon the constitutional violations in this matter. At a minimum, the Petitioner requests an evidentiary hearing on these issues.

                                              Respectfully submitted,

                                              */s/ Jack Schaap*
                                              Jack Schaap
                                              Pro Se

## **VERIFICATION**

The Petitioner herein, Jack Schaap, hereby declares, verifies and states under penalty of perjury that the facts stated in the foregoing motion and memorandum of law are true and correct to the best of his knowledge and belief.

Executed on 3/18/2014, pursuant to 28 U.S.C. §1746.

_____
Jack Schaap

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion has been sent this 18th day of March, 2014, to the Clerk of Court, United States District Court for the Northern District of Indiana via Express Mail and to the Office of the Assistant United States Attorney, 5400 Federal Plaza, Suite 1500, Hammond, Indiana 46320, via priority mail.

_____
Jack Schaap
Pro Se