# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | NO. 2:12-cr-131 |
| | ) | 2:14-cv-87 |
| JACK ALLEN SCHAAP, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion To Vacate, Correct, or Set Aside The Petitioner's Sentence Pursuant to 28 U.S.C. § 2255, filed by pro se Petitioner, Jack Schaap, on March 19, 2014 (DE #45); and (2) Amended Motion to Vacate, Correct, or Set Aside The Petitioner's Sentence Pursuant to 28 U.S.C. § 2255, filed by counsel, on June 2, 2014 (DE #55). For the reasons set forth below, the section 2255 motion (DE #45) is **DENIED AS MOOT**. The Amended Motion to Vacate, Correct, or Set Aside Petitioner's Sentence (DE #55) is **DENIED**. Schaap's request for an evidentiary hearing is also **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**. Additionally, the Court **DECLINES** to issue a certificate of appealability. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Jack Allen Schaap, #12409-027, Ashland FCI, Inmate Mail/Parcels, P.O. Box 6001, Ashland, Kentucky

41105, or to such other more current address that may be on file for the Petitioner.

BACKGROUND

On September 18, 2012, an information was filed against Defendant, Jack Allan Schaap. (DE #1.) Count 1 alleged transporting a minor in interstate commerce with intent to engage in sexual activity for which any person can be charged with a crime, in violation of 18 U.S.C. § 2423(a).

The same day the information was filed, Defendant and the Government entered into a plea agreement and filed it with the Court. (DE #2.) In the plea agreement, Schaap agreed to waive his right to indictment by a federal grand jury, and agreed to plead guilty to the charge set forth in the Information. (*Id.* ¶¶ 2, 7(a).)[1] The plea agreement, signed by Schaap, specifically set forth the statutory mandatory minimum sentence of 10 years imprisonment Schaap faced, and the maximum possible term of life imprisonment:

> I understand that the statutory mandatory minimum term of incarceration for my conviction of the offense charged in Count 1 [] is ten (10) years imprisonment and the maximum possible term of imprisonment I face is a lifetime term, followed by a minimum of five (5) years of supervised release and a maximum term of up to lifetime supervised

---

[1]In exchange for the plea, the Government agreed not to file additional charges against Defendant, and four other prosecutor's offices agreed not to criminally charge Defendant as well. (DE #2, ¶ 7(c).)

release following my incarceration.

(*Id.* ¶ 7(b).)  The plea also set forth agreements reached by the parties, including that the Government agreed based upon the facts of the case that "a sentence of 120 months incarceration is a fair and reasonable sentence in this case."  (*Id.*, ¶ 7(d)(iii).) Additionally, the plea agreement provided that the sentencing "agreements [] are **not** binding upon the Court . . . ."  (*Id.* ¶ 7(d) (emphasis in original).)

The plea agreement also contained an appellate waiver. Specifically, the document set forth in pertinent part:

> I also understand that no one can predict the precise sentence that will be imposed and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement; with this understanding and in consideration of the Government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction or the sentence imposed, including the manner in which my conviction or sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including an appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(*Id.* ¶ 7(e).)

Schaap's change of plea hearing was held on September 26, 2012.  (*See* transcript, DE #47.)  Schaap was placed under oath at the beginning of the hearing.  (DE #47, p. 3.)  He was represented

at the hearing by the same counsel who signed his plea agreement, attorneys Paul Stracci and Alison Benjamin. The Court began by asking Schaap if he was "fully satisfied with the counsel, representation and advice given to [him] in this case by Mr. Stracci and Ms. Benjamin as [his] attorneys?" and he replied, "[y]es, I am." (*Id.*, p. 7.) The Court then asked Schaap to read his plea agreement in Court, he also affirmed that he read it earlier with his attorneys, and he understood and agreed with the plea agreement. (*Id.*, p. 9.) The Court reviewed the maximum and minimum amounts of jail time Schaap could receive, and also confirmed that Defendant understood that the Court would ultimately decide Defendant's sentence, and that the Guidelines were not binding. (*Id.*, pp. 14-17, 26, 34-36.) The Court also confirmed that no one, including his lawyer, made him any predictions or promises as to what his precise sentence would be. (*Id.*, p. 36.)

Probation prepared a Presentence Report ("PSR") prior to Schaap's sentencing hearing. (DE #30.) With credit for acceptance of responsibility, Defendant had a total offense level of 35. (*Id.*, p. 23.) With a criminal history computation of 0, the PSR calculated his Guideline range between 168 and 210 months. (*Id.*, pp. 23, 33.) The Court confirmed at the sentencing hearing that Schaap had received and reviewed the PSR and addendum with his counsel. (DE #44, p. 4.)

Defendant filed a sentencing memorandum, attaching letters in

support, and requesting a below-Guidelines sentence of 120 months. (DE #19, p. 1.) Schaap's own memorandum concedes that "[a] violation of § 2423(a) carries a mandatory minimum 10 year term (120 months) of imprisonment up to a lifetime of imprisonment." *Id.* The Government also filed a sentencing memorandum, also asking the Court for the agreed upon recommendation of a ten-year period of incarceration. (DE #37, p. 1.) There were no objections to the PSR. (DE ##31, 32.)

The Court held the sentencing hearing on March 20, 2013, and sentenced Schaap to a term of imprisonment of 144 months, which was below the Guideline range. (DE #39.) At the hearing, both sides urged the Court to follow the parties' sentencing recommendation of 120 months. (DE #44, pp. 9-11; 40-42.) Judgment was entered later that day on March 20, 2013. Schaap did not file a direct appeal with the Seventh Circuit.

Schaap filed a motion under section 2255 on March 19, 2014 (DE #45). He also filed a letter asking for additional time to "fil[e] an addendum to the motion, including the memorandum of law." (DE #46.) This Court granted the extension of time, ordering Schaap to file a memorandum by June 2, 2014. (DE #48.) On June 2, 2014, Schaap, through his new counsel, Charles Alex Murray, filed his memorandum in support. (DE #52.) Also on June 2, 2013, Schaap, through his counsel, filed what they entitled "Amended Motion to Vacate, Correct, or Set Aside the Petitioner's Sentence Pursuant to

28 U.S.C. § 2255." (DE #55.) The Amended Motion (DE #55) is almost identical to Schaap's initial motion under section 2255 (DE #45). The memorandum in support of the amended motion to vacate (DE #56) is identical to the memorandum at DE #52. As such, this Court **DENIES** the Motion to Vacate (DE #45) as **MOOT**, and will rule upon the Amended Motion to Vacate (DE #55).[2]

The Court will consider the arguments set forth in this memorandum. Schaap articulates four main arguments: (1) the collateral review waiver in the plea agreement does not preclude his challenges; (2) he was denied effective assistance of counsel when his counsel promised him a sentence between 18 and 120 months; (3) he was denied effective assistance of counsel when "he was sentenced as a fully culpable offender, despite the presence of factors reducing Petitioner's culpability"; and (4) counsel was ineffective when he "failed to object to the district court's misunderstanding of its ability to vary from the Guidelines." (DE #55, p. 6.) The Government filed a response to the amended memorandum on July 3, 2014 (DE #58), and Schaap filed a reply on August 11, 2014 (DE #62). As such, this motion is fully briefed

---

[2] As far as the Court can tell, the Amended Motion to Vacate (DE #55) is almost word-for-word the same as the first motion to vacate (DE #45), with the exception of a few sentences added on page 2. And the memorandum in support of the amended motion to vacate (DE #56) is word-for-word identical to the memorandum in support of the original motion (DE #52). In the interests of justice, the Court wanted to make sure every argument presented by Schaap was considered and ruled upon, so chose to rule upon the amended motion to vacate.

and ready for adjudication.


<u>DISCUSSION</u>

Habeas corpus relief under 28 U.S.C. section 2255 is reserved
for "extraordinary situations." *Prewitt v. United States*, 83 F.3d
812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus
petition pursuant to 28 U.S.C. section 2255, a federal prisoner
must show that the district court sentenced him in violation of the
Constitution or laws of the United States, or that the sentence was
in excess of the maximum authorized by law, or is otherwise subject
to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor
recapitulation of a direct appeal. *Id.; Belford v. United States*,
975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by
Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a
result:

> [T]here are three types of issues that a
> section 2255 motion cannot raise: (1) issues
> that were raised on direct appeal, absent a
> showing of changed circumstances; (2)
> nonconstitutional issues that could have been
> but were not raised on direct appeal; and (3)
> constitutional issues that were not raised on
> direct appeal, unless the section 2255
> petitioner demonstrates cause for the
> procedural default as well as actual prejudice
> from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating
"cause" and "prejudice" from the failure to raise constitutional

errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Here, the Court assessed Schaap's claims with these guidelines in mind.

Waiver

Schaap first claims that "[t]he collateral review waiver included in the plea agreement does not preclude the challenges raised herein." (DE #55, p. 6.) The Seventh Circuit has recognized the validity of plea agreement waivers, and will enforce the waiver unless there is a claim that the waiver was entered into involuntarily, or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver. In *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones* stated that courts should be:

> Mindful of the limited reach of this holding,
> we reiterate that waivers are enforceable as a
> general rule; the right to mount a collateral
> attack pursuant to § 2255 survives only with

8

respect to those discrete claims which relate
directly to the negotiation of the waiver.

*Id.* at 1145.   In *Mason v. United States*, 211 F.3d 1065, 1069 (7th
Cir. 2000), the Seventh Circuit applied its holding in *Jones* to bar
an ineffective assistance of counsel claim that related only to the
petitioner's performance with respect to sentencing.   The Court
found that, "[b]ecause the challenge has nothing to do with the
issue of a deficient negotiation of the waiver, [petitioner] has
waived his right to seek post-conviction relief."   *Id.*
Additionally, the Court stated that the following analysis should
be considered in determining whether a claim has been waived:

> [C]an the petitioner establish that the waiver
> was not knowingly or voluntarily made, and/or
> can he demonstrate ineffective assistance of
> counsel with respect to the negotiation of the
> waiver?

*Id.*

It is undisputed that in his plea agreement, Schaap waived his
right to appeal or contest his conviction and sentence "to any
Court on any ground, including any claim of ineffective assistance
of counsel unless the claimed ineffective assistance of counsel
relates directly to this waiver or its negotiation, including any
appeal under . . . Title 28, United States Code, Section 2255."
(Plea Agreement, DE #2, ¶ 7(e).)   As the Government notes, this
waiver of appeal language is "as express as they come."   *United
States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995) (noting "if
defendants could retract their waivers . . . then they could not

obtain concessions by promising not to appeal . . . [the petitioner] exchanged the right to appeal for prosecutorial concessions; he cannot have his cake and eat it too."). Moreover, this Court made sure Schaap understood the waiver by exhaustive questioning during the change of plea hearing:

> Q. Okay. Let's go on to subparagraph (e). There, Mr. Schaap, we're talking about appeals. Do you understand that in all criminal cases a defendant has a right to appeal his conviction and/or sentence in a case?
>
> A. Yes, sir, I do.
>
> Q. In this case you have acknowledged that I have the jurisdiction and authority to sentence you up to the maximum provided for by the statute. Remember you and I talked about that before? That was life imprisonment, a fine of up to $250,000 or a combination of both of those, up to life supervised release, restitution, forfeiture in this case and a $100 special assessment.
>
> A. Yes, sir, I do.
>
> Q. Mr. Schaap, what you're basically doing in this paragraph is you're giving up all of your rights to an appeal. There's some rights you don't give up, like jurisdiction. But for all practical purposes, you're giving them all up. So down the road, if you don't like the sentence that I give you, if you don't like some of my rulings, you're not going to be able to tell Ms. Benjamin or Mr. Stracci, that judge went wild on me, I want to appeal, because you will have given up that right. Do you understand that?
>
> A. I do, sir.
>
> Q. Do you understand that that includes incompetence of counsel except as it relates to this waiver and/or its negotiation?
>
> A. Yes, sir, I do.
>
> Q. You also understand that the government in this case is not

giving up their right to an appeal?

A. Yes, sir, I do.

Q. Are you sure this is what you want to do?

A. Yes, sir, it is.

(DE #47, pp. 26-27.)

There is ample evidence Schaap's appeal waiver was made knowingly and voluntarily. The "whole point of the plea proceeding (the Rule 11 colloquy) is to establish that the plea was knowingly and voluntarily made." *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987); *see also United States v. White*, 597 F.3d 863, 868 (7th Cir. 2010) (stating that "[v]oluntary responses made by a defendant under oath before an examining judge . . . are binding."). "[A] careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary." *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002). To the extent that Schaap is now claiming his waiver was not knowingly and voluntarily made, "[s]elf-serving statements offered after the plea hearing generally fall in the face of contradictory voluntary statements made by the defendant during a plea hearing – the latter are presumed true." *United States v. Mosley*, 35 F.3d 569, 1994 WL 503016, at *3 (7th Cir. Sept. 14, 1994) (citing *Ellison*, 835 F.2d at 693). In sum, based upon the plain language of the plea agreement and the lengthy colloquy this Court held with Schaap during his plea hearing, this court finds that Schaap made a knowing and voluntary appeal waiver,

and that it is enforceable.

Ineffective Assistance of Counsel

Schaap's second main argument is that his counsel was ineffective during plea negotiations by telling Schaap "that, if he entered a guilty plea, his sentence would be 120 months maximum, but was more likely to be between three and four years, and perhaps as low as eighteen months incarceration." (DE #56, p. 7.) He argues that "[b]ased upon this promise, [he] entered a guilty plea when he otherwise would have proceeded to trial." *Id.*

Claims of ineffective assistance of counsel are governed by the 2-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, the Defendant must first show the specific acts or omissions of his attorney "fell below an objective standard of reasonableness" and were "outside the wide range of professionally competent assistance." *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 690); *see also Hardamon v. United States*, 319 F.3d 943, 948 (7th Cir. 2003); *Anderson v. Sternes*, 243 F.3d 1049, 1057 (7th Cir. 2001). The second *Strickland* prong requires the Defendant to show prejudice, which entails showing by "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Regarding the deficient-performance prong, great deference is given to counsel's performance and the defendant has a heavy burden to overcome the strong presumption of effective performance. *Strickland*, 466 U.S. at 690; *Coleman v. United States*, 318 F.3d 754, 758 (7th Cir. 2003) (defendant "has a difficult burden of proof as he must overcome the strong presumption that his attorney's performance was effective."). Defendant must establish specific acts or omissions that fell below professional norms. *Strickland*, 466 U.S. at 690. If one prong is not satisfied, it is unnecessary to reach the merits of the second prong. *Id.* at 697. Furthermore, because Schaap pled guilty in this case, he must establish his plea was rendered involuntary by counsel's deficient performance and that were it not for his counsel's objectively unreasonable performance, he would not have pleaded guilty. *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000).

Schaap's claim that his attorney was ineffective by promising a 10 year maximum term of imprisonment, but likely less, is directly contradicted by the content of Schaap's plea agreement and Schaap's numerous statements, made under oath during his change of plea hearing. The plea agreement specifically states that the "statutory mandatory minimum term of incarceration . . . is ten (10) years imprisonment and the maximum possible term of imprisonment I face is a lifetime term." (DE #2, ¶ 7(b).) The Court also discussed the potential sentence Schaap could receive.

The Court emphasized:

> Mr. Schaap, I have no idea at this time what
> sentence, if any, you're going to get in this case.
> I won't make that decision until after a
> presentence investigation report is prepared by the
> probation department, and you, your attorneys, and
> the government all have an opportunity to challenge
> that report. Right now what I'm going to do is I
> am going to tell you, based upon the statute that
> you're pleading guilty to and based upon the count
> of the information that you're pleading guilty to,
> what's the most that you could get, what's the
> least that you could get and obviously your
> sentence could be somewhere in between. Do you
> understand that?

(DE #47, p. 12.) Schaap replied, "Yes, sir, I do." *Id.* This
Court then explained the term mandatory minimum to Schaap, stating
"[w]hat that basically means is that you have to serve at least a
certain amount of time either of imprisonment and/or supervised
release. You understand that?" (*Id.*, p. 13.) Schaap answered,
"[y]es, sir." (*Id.*, p. 14.)[3] The Court then specifically set
forth the possible length of imprisonment for Schaap, stating
"[t]he least that you could get would be ten years in jail . . . Do
you understand that?" and Schaap replied, "[y]es, sir, I do."
(*Id.*, p. 15.) This Court repeatedly asked Schaap if he understood
the possible sentence he could receive was 10 years in jail and the
maximum was life imprisonment, and Schaap confirmed he understood.

___

[3] In his reply, Schaap claims he did not attend law school and does not
have an extensive history of involvement with the criminal history system,
thus did not understand terms like "statutory maximum sentence." (DE # 62, p.
3.) This Court went out of its way to explain legal terms in laymans
language, and certainly could not have said more plainly that "[t]he least
that you could get would be ten years in jail . . . Do you understand that?"
and Schaap replied, "[y]es, sir, I do." (DE #47, p. 15.)

(*Id.*, pp. 14-15, 26, 34.)  Schaap also acknowledged that the parties' recommendation of a 10-year sentence was not binding upon the Court.  (*Id.*, pp. 17, 35.)  At no point during his change of plea hearing, or during his sentencing hearing, did Schaap express confusion or question the Court about the amount of jail time he was potentially facing.

Importantly, Schaap was specifically asked during his change of plea hearing if his lawyers had "made any other or different promise or assurance" regarding his possible sentence in an "effort to induce or cause [him] to enter a plea of guilty" and he answered, "[n]o, they have not, sir."  (DE #47, pp. 31-32.)  Later during the proceeding, the Court again asked whether "anyone, including [Schaap's] own layer, any lawyer for the government, any government agent or anyone else [had] made any prediction, prophecy or promise to [him] as to what [his] precise sentence will be" and Schaap replied, "No they have not."  (*Id.*, at 36.)  These representations made by Schaap, under oath, during the plea colloquy, "are presumed to be true." *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008); *see also United States v. Ramirez*, Nos. 2:05-cr-43, 2:09-cv-306, 2010 WL 457132, at *4 (N.D. Ind. Feb. 3, 2010) (quoting *United States v. Mosley*, 35 F.3d 569, 1994 WL 503016, at *3 (7th Cir. Sept. 14, 1994) ("[s]elf-serving statements offered after the plea hearing generally fall in the face of contradictory voluntary statements made by the defendant during a

plea hearing - the latter are presumed true.")).

Schaap cites *Machibroda v. United States*, 368 U.S. 487 (1962), and *Fontaine v. United States*, 411 U.S. 213, 214 (1973), in support of his argument that pleading guilty does not mean that he cannot obtain postconviction collateral relief. Although these cases found the defendants had alleged sufficient acts of coercion to entitle them to evidentiary hearings, the cases did not "in the least reduce the force of the original plea hearing." *Blackledge v. Allison*, 431 U.S. 63, 75 (1977). The United States Supreme Court clarified that:

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.* at 73-74. Accordingly, Schaap's claim that his lawyers were ineffective for promising a sentence below the statutory minimum allowed under 18 U.S.C. § 2423(a) fails in the face of contradictory statements made during his change of plea hearing. In light of the specific plea language and this Court's detailed questioning (and Schaap's very specific and unequivocal answers) during the change of plea hearing, this Court finds that Schaap indeed knowingly and voluntarily entered a valid guilty plea.

Schaap also argues that his counsel was ineffective when he

16

"was sentenced as a fully culpable offender, despite the presence of factors reducing the Petitioner's culpability," and that the "sexual aggressiveness of Jane Doe" should reduce his culpability. (DE #56, pp. 8, 14.) Specifically, Schaap now claims his counsel should have presented the following information:

> The counseling had to occur because Doe had been expelled from school for engaging in sexual conduct. Doe willingly participated in talk of a sexual nature via electronic device and in person with the Petitioner. It was not Doe who accused the Petitioner and sought prosecution in this matter. No doubt exists that the Petitioner should have resisted Doe's advances, but the Petitioner submits that his actions did not serve to destroy Doe in the manner that often occurs when underage individuals are victimized, as Doe had already engaged in all of the behavior engaged in with the Petitioner with other men.

(*Id.*, p. 5.) This argument does not relate to the waiver or its negotiation, thus, it is foreclosed by the appellate waiver in the plea agreement. *See United States v. Thomas*, 279 Fed. Appx. 413, 414 (7th Cir. 2008) (finding a sentencing challenge "frivolous because [the defendant] gave up his right to challenge his sentence" when he waived appeal). Even assuming, *arguendo*, this argument was not waived, it would still fail on the merits.

The second *Strickland* prong requires a showing of prejudice, of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Here, Schaap cannot show any prejudice from the exclusion of these allegations about the victim.

Indeed, the offense Schaap was charged with was causing Jane Doe to be transported across state lines with the intent that she engage in sexual activity. *See* DE #1; 18 U.S.C. § 2423(a). This Court informed Schaap during the change of plea hearing that the elements of the offense are:

> First, you transported Jane Doe from the State of Indiana to the State of Illinois and from the State of Indiana to the State of Michigan; second, that you did so with the intent that Jane Doe engage in sexual activity for which you can be charged with a criminal offense; and, third, that Jane Doe was under the age of 18 years at that time.

(DE #47, p. 38.) The alleged sexual aggressiveness of the victim, or her previous experience has no bearing on any element in the charge. Federal Rule of Evidence Rule 412(a)(1) provides that in a case involving allegations of sexual misconduct, "evidence offered to prove that a victim engaged in other sexual behavior" is inadmissible. Fed. R. Evid. 412(a)(1). Indeed, "consent is irrelevant to a conviction under § 2423(a)." *United States v. Bennett*, 258 Fed. Appx. 671, 683 (5th Cir. 2007); *see also United States v. Rogers*, 587 F.3d 816, 820 (7th Cir. 2009) ("Minors lack the capacity to consent, and so sexual contact with a minor is always 'without consent.'"). There was clearly no prejudice suffered when Schaap's attorney did not bring up the victim's alleged past or aggressiveness (indeed, this argument which is akin to "blaming the victim" would not have sat well with the Court); thus, this argument fails.

Schaap suggests that his below-Guideline, 144-month sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. (DE #56, pp. 8-15.) This argument likewise fails as it is waived. Even assuming, *arguendo*, Schaap did not waive this argument, it does not succeed on the merits. In determining whether a sentence comprises cruel and unusual punishment, courts compare "the gravity of the offense and the harshness of the penalty." *United States v. Nigg*, 667 F.3d 929, 938 (7th Cir. 2012) (quotation omitted). This factor typically "presents an insurmountable bar." *Id.* The offense Schaap plead guilty to carries with it a statutory mandatory minimum of 10 years, which indicates that Congress considers it a serious crime. 18 U.S.C. § 2423(a). Indeed, during the sentencing hearing in this case, this Court noted the statutory minimum and maximum, and said, "[t]hat's important because it tells me that the people in Congress deem this to be very important and that this crime is a very, very serious crime." (DE #44, p. 44.) Here, this Court gave Schaap just two years imprisonment higher than the mandatory minimum (nowhere near the lifetime maximum). Additionally, the sentence is a below-Guideline sentence (and a sentence within the Guidelines range would be presumed reasonable on appeal). *United States v. Cheek*, 740 F.3d 440, 455 (7th Cir. 2014). Schaap's conduct was egregious. Under the rouse of conducting religious counseling to the minor victim, he arranged for her to be transported from Indiana to

Illinois twice, and from Indiana to Michigan once (for several days), so he could engage in sexual acts with her which are prohibited by law in those states. Clearly, Schaap's sentence does not violate the Eighth Amendment.

Finally, Schaap argues that he was denied effective assistance of counsel at sentencing when his counsel "failed to object to the district court's misunderstanding of its ability to vary from the Guidelines." (DE #55, p. 6.) Obviously this Court understood it could vary from the Guidelines - Probation calculated Schaap's Guideline range as calling for a sentence between 169 and 210 months (DE #30, ¶¶ 67, 115), yet this Court ordered a below-Guideline sentence of 144 months in prison. Additionally, this Court acknowledged, and indeed explained to Schaap during his change of plea hearing that:

> I don't have to follow these guidelines. I do have to apply them in your case. If, after applying them to your case, a guideline range is decided in your case, if I find that guideline range to be fair and reasonable, you'll probably be sentenced within that guideline range. If I do not find it to be fair and reasonable, I have the discretion to go higher or lower than that guideline range.

(DE #47, p. 18.) When asked if he understood the Judge's discretion, Schaap answered, "[y]es, sir, I do." *Id.* Thus, Schaap's counsel was not ineffective, because clearly this Court

understood its ability to vary from the Guidelines.[4]

## Request for an Evidentiary Hearing

Schaap contends that he "is entitled to an evidentiary hearing on these matters."  (DE #56, pp. 2, 18.)  An evidentiary hearing need not be held for every section 2255 motion.  *Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990).  "No hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court."  *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992) (citation omitted).

Schaap has failed to offer the Court any objective facts that would warrant an evidentiary hearing.  Schaap did file an affidavit stating that his "attorney informed [him] that, if [he] entered a guilty plea, [his] sentence would be 120 months maximum, but was more likely to be between three and four years, and perhaps as low as eighteen months incarceration.  Based upon this promise, I entered a guilty plea when I otherwise would have proceeded to

---

[4] Schaap somehow thinks this Court's comment during the sentencing hearing that it did not "want to set a precedent saying that because you plead pre-indictment that automatically gives you a 25 percent discount on the guidelines" (DE # 44, p. 50) is proof that the Court did not understand its discretion to vary from the Guidelines, but this simply is not true.  The record is replete with examples that this Court understood its discretion. (DE #47, pp.  17 - 21, 35.)

trial." (DE #57.) However, as discussed earlier in this decision, the assertions made in this after-the-fact affidavit are directly contradicted by the language in the plea agreement and Schaap's sworn statements made during the change of plea hearing. "Self-serving statements offered after the plea hearing generally fall in the face of contradictory voluntary statements made by the defendant during a plea hearing – the latter are presumed true." *Mosley*, 1994 WL 503016, at *3. The Court has concluded that the record and history of this case demonstrate that Schaap is not entitled to relief. Therefore, an evidentiary hearing is not warranted. *See Cooper v. United States*, 378 F.3d 638, 641-42 (7th Cir. 2004) (holding district court did not abuse its discretion in denying evidentiary hearing where defendant was not entitled to 2255 relief, and given lack of additional evidence from defendant).

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Schaap has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.


CONCLUSION

For the reasons set forth above, the section 2255 motion (DE #45) is **DENIED AS MOOT**. The Amended Motion to Vacate, Correct, or Set Aside Petitioner's Sentence (DE #55) is **DENIED**. Schaap's request for an evidentiary hearing is also **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**. Additionally, the Court **DECLINES** to issue a certificate of appealability. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Jack Allen Schaap, #12409-027, Ashland FCI, Inmate Mail/Parcels, P.O. Box 6001, Ashland, Kentucky 41105, or to such other more current address that may be on file for the Petitioner.

DATED: August 26, 2014          /s/ RUDY LOZANO, Judge
                                United States District Court