UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:12 CR 131 |
| | ) | |
| JACK ALLAN SCHAAP | ) | |

## OPINION and ORDER

Before the court is the *pro se* motion of defendant Jack Allen Schaap for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 68.) For the reasons that follow, the motion is denied.

**I.     BACKGROUND**

Defendant was the senior pastor at the First Baptist Church of Hammond, Indiana, when he was charged in 2012 with transporting a minor (who was also a parishioner) in interstate commerce with intent to engage in sexual activity for which any person can be charged with a crime, in violation of 18 U.S.C. § 2423(a). (DE # 1.) Defendant entered into a plea agreement. (DE # 2.) The plea agreement identified four other prosecutor's offices which had agreed not to charge defendant in exchange for his guilty plea in this case. (*Id.*) Though the parties agreed to recommend a 10-year (or 120-month) sentence as part of the plea deal, Judge Rudy Lozano sentenced defendant to a 12-year (or 144-month) term of imprisonment. This was still a below-Guidelines sentence, as the applicable Guidelines range was 168 to 210 months. (DE # 44.) Defendant's projected release date is February 2, 2023, approximately 2 years from now.

Defendant has now moved, *pro se*, pursuant to Section 3582(c) and Section 603 of the First Step Act, for compassionate release. (DE # 68.) Defendant is 63 years old. He points to the poor health of his aging parents (who are 86 and 84 years old) as justification for his early release. (DE # 68.) The court asked the Federal Community Defenders Office to consider appearing on defendant's behalf with regards to this matter (DE # 70), but that office subsequently filed a notice of non-representation (DE # 71). The Government opposes the motion for compassionate release. (DE # 75.)

II.     ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

    **1.    Exhaustion**

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons ("BOP") before moving for compassionate release. Specifically, a

2

defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

In this case, no argument is made that defendant failed to exhaust administrative remedies, and the court perceives no such barrier either. Indeed, defendant's petition includes a copy of a letter from the Warden of FCI Ashland, denying defendant's request for compassionate release because defendant "does not meet the criteria for a Compassionate Release or Reduction in Sentence." (DE # 68 at 3.)

**2.     Extraordinary and Compelling Reasons**

The court is only authorized to grant defendant's request if there exists "extraordinary and compelling reasons" justifying his early release. 18 U.S.C. § 3582(c)(1)(A). Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. Presently, § 1B1.13 is binding only on the Director of the Bureau of Prisons, and not a district court considering a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, (7th Cir. 2020). However, the Seventh Circuit in *Gunn* noted that "[t]he substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working

3

definition of 'extraordinary and compelling reasons'" for a district court to employ. *Id.* at 1180. Indeed, the *Gunn* court noted that "a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id.* Therefore, this court utilizes § 1B1.13 and its application notes as useful, even if not binding, guidance in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.*

In this case, defendant argues that he should be released due to the age and poor health of his parents, so that he can care for them. His parents are ages 86 and 84. Defendant states that his mother suffers from systemic lupus, rheumatoid arthritis, chronic bronchial inflammation, and fibromyalgia. He further states that his father, his mother's caretaker, recently had a heart attack, was diagnosed with diabetes, fell and cracked ribs, and injured his shoulder, requiring surgery. Defendant adds that his parents reside in Michigan, a state he claims is hard-hit by the COVID-19 virus. Defendant claims there is "no one" to care for them, as his only sister is also in poor health, and his wife divorced him after his conviction. (DE # 68.)

In response, the attorney for the Government argues that the desire to care for aging and ill parents does not constitute an extraordinary and compelling reason for release in this case. The Government's attorney also asserts that she spoke directly to defendant's mother, "who explained that although she and her husband have the means to move to an assisted living facility, she strongly prefers to remain at her home and hopes to be cared for by Defendant." (DE # 75 at 6.)

4

The policy statement found in § 1B1.13 includes certain "family circumstances" as extraordinary and compelling reasons which might justify compassionate release. Specifically, that policy statement enumerates the following:

> (C) Family Circumstances.—
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

Notably, the policy statement does not mention elderly or ill parents as circumstances that would qualify as extraordinary and compelling.

Of course, the policy statement also allows for the consideration of any "other" extraordinary and compelling circumstances. U.S.S.G. § 1B1.13. However, this court joins a number of other district courts who are not persuaded that caring for elderly parents constitutes a extraordinary and compelling reason warranting compassionate release. As another district court articulated: "While certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release." *United States v. Goldberg,* No. CR 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020). In *United States v. Ingram,* No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019), the district court also denied a defendant's motion for compassionate release; the defendant had based his motion on his purported need to care for his ill mother. The court "empathize[d] with the Ingram family's difficult situation," but ultimately concluded that "[m]any, if not all inmates, have aging and

5

sick parents. Such circumstance is not extraordinary." *Id.* at *2. In this case, the court also finds that defendant's circumstance – specifically, his aging and sick parents – is not extraordinary.

Further, the policy statement indicates that it is important to consider whether a defendant is the only possible option for serving as caretaker in the context of an incapacitated partner; there is no reason why the same question should not be asked of a defendant asking for release to care for elderly and ill parents. *Goldberg,* 2020 WL 1853298, at *4 (critical consideration under the policy statement is that no person other than the defendant is available to serve as a caretaker). In this case, the court is not convinced that defendant's parents have no other options. The fact that they and defendant would greatly prefer that defendant serve as caretaker does not render the situation extraordinary and compelling.

### 3. Section 3553(a) Factors

Even if the court determined that defendant's situation constituted an extraordinary and compelling circumstance justifying compassionate release, the court would still be required to consider the factors of Section 3553(a) in exercising its discretion. 18 U.S.C. § 3582(c)(1)(A)(i). Section 3553(a) states:

(a) Factors to be considered in imposing a sentence.—The court shall consider–

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence[s] and the sentencing range established for--

  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission . . . ;]

(5) any pertinent policy statement guidelines [issued by the Sentencing Commission ...;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

  In this case, a consideration of relevant Section 3553(a) factors weighs in favor of not granting defendant's petition for compassionate release. The nature and circumstances of the offense are paramount, in this case. Defendant, the senior pastor of a very large church organization, was entrusted with the task of "counseling" a struggling teenaged girl who had been caught having sex with a teenaged boy. The teenaged girl had been defendant's parishioner since she was 5 years old. Defendant

took advantage of his position of power, his relative age, and the victim's vulnerability, and engaged in sexual acts with the victim on multiple occasions over a span of months. Defendant instructed his church assistant to physically transport the victim across state lines on more than one occasion to facilitate the abuse. Defendant eventually admitted his crimes, but not before trying to cover up and eradicate evidence of the abuse (including photographs and text messages). In this case, the seriousness of the offense is immense, and the circumstances are grotesque.

Further, society would benefit from defendant serving the remainder of his sentence, as defendant will not be able to engage in further predatory acts or otherwise cause additional torment to the victim or others, at least for the remainder of his incarceration. Requiring defendant to complete his sentence also has deterrent value, both for defendant as well as others.

Finally, requiring defendant to continue to serve his sentence would promote respect for the law and provide just punishment for defendant's offense. This is especially true in this case because defendant has repeatedly couched his apologies and admissions in excuses, suggesting a deep-rooted failure to accept full responsibility for his actions. Defendant filed a habeas petition arguing that "factors reduc[ed] his culpability, such as the sexual aggressiveness" and "experience" of the minor victim. (DE # 56 at 14.) Judge Lozano denied the petition, ruling that "[t]he alleged sexual aggressiveness of the victim or her previous experience has no bearing on any element in the charge." (DE # 64 at 18.) Even in the present motion for compassionate release,

8

defendant states that "there were extenuating circumstances and I did not know I was violating the law" (he admits only to "violat[ing] the letter of the law"). (DE # 68 at 1.) Compassionate release should not be used to reward defendants who make excuses for their own conduct. *See, e.g, United States v. Lisi,* No. 15 CR. 457 (KPF), 2020 WL 881994, at *6 (S.D.N.Y. Feb. 24, 2020), reconsideration denied, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020).

### 4. *Consistency with Applicable Policy Statements*

As mentioned above, Congress (and, by delegation, the Sentencing Commission) created § 1B1.13, a policy statement related to compassionate release requests, which the court considers useful guidance in the context of the present motion. *Gunn*, 980 F.3d at 1180. That policy statement provides that compassionate release is only appropriate if the defendant is not a danger to the safety of any other person or to the community.

Defendant suggests that he has "strived to be a model prisoner," suggesting that he will not cause trouble if released. (DE # 68 at 2.) However, the record indicates that defendant was punished with the loss of 27 days of good time credit and the loss of visitations for 9 months following an incident where he was caught "putting hand under jacket and in crotch area of female visitor." (DE # 75-1 at 1.) Further, defendant admitted "writing [a] letter and mailing [it] out of [the] facility [of imprisonment] to be mailed back in." *Id.* (Regarding this violation, defendant "denied knowing it was not allowed," which is the same excuse he continues to rely upon for the offense underlying this case.) The court is not convinced that defendant poses no danger to the safety of the

9

community or any person. Defendant's continued incarceration ensures that vulnerable persons and the community at large are shielded from defendant's choices for the remainder of his term of imprisonment.

### III. CONCLUSION

Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). Given all of the circumstances and factors described herein, compassionate release is not appropriate in this case. Accordingly, defendant's motion under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act is **DENIED**. (DE # 68.)

                                                  **SO ORDERED.**

Date: February 12, 2021

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT